IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **BRIAN GERBER,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CASE NO:** |
| : | **7:25-cv-182–WLS** |
| **THE BOARD OF REGENTS OF THE** : | |
| **UNIVERSITY SYSTEM OF GEORGIA,** : | |
| *et al.*, : | |
| : | |
| **Defendants.** : | |

## ORDER

Plaintiff moves for a preliminary injunction under Rule 65. (Doc. 13). Rule 65 reads, "[t]he court may issue a preliminary injunction only on notice to the adverse party." Plaintiff has not indicated to the Court that he provided any notice of this motion to the adverse parties. Yet on Tuesday, December 23, 2025, Counsel for Plaintiff called the Court to inquire whether it had set a hearing on the motion for preliminary injunction. A motion for preliminary injunction is not a motion for temporary restraining order. Adverse parties must be given notice before the Court will schedule a hearing on a motion for preliminary injunction.

Nothing in the pleadings indicates that a hiring decision is being made during the Christmas holiday. The Court is not satisfied upon the Complaint and pleadings that there is a need for an emergency hearing. The moving party shall state for the Court what effort they have made to notice the adverse party. Upon certification of proper notice to the adverse party, the Court will set a hearing.

**SO ORDERED**, this 23rd day of December 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**