## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

BRIAN GERBER,                                         :
                                                     :
    Plaintiff,                              :
                                                     :
v.                                                   :        CASE NO.: 7:25-CV-182 (WLS)
                                                     :
BOARD OF REGENTS OF THE                              :
UNIVERSITY SYSTEM OF                                 :
GEORGIA, *et al.*,                                   :
                                                     :
    Defendants.                             :
_____                      :

### ORDER

Before the Court is Defendants' Motion to Stay Discovery and Pre-Discovery Proceedings (Doc. 23), filed on February 3, 2026. Therein, Defendants move the Court to stay discovery pending the resolution of the pending Motion to Dismiss (Doc. 28).[1] On February 11, 2026, Plaintiff filed a Response (Doc. 29) in opposition to the Motion to Stay (Doc. 23).

A district Court has "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)). To prevail on a motion to stay, the moving party must show good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). When the moving party asks for a stay during the pendency of a dispositive motion, the Court must balance "the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652.

Based on the Court's review of the Motion to Stay and preliminary review of the Motion to Dismiss, the Court finds that a stay is warranted because there is a reasonable

---

[1] The Court notes that after the filing of Defendants' original Motion to Dismiss (Doc. 17) and the instant Motion to Stay, Plaintiff filed an Amended Complaint (Doc. 26), which became the operative pleading and rendered Defendants' first motion to dismiss moot. (*See* Doc. 30). Defendants filed a second Motion to Dismiss Plaintiff's Amended Complaint (Doc. 28), which the Court now considers in ruling on the Motion to Stay.

1

potential that the Motion to Dismiss will resolve or narrow the issues, and as a result, improve efficiency and reduce costs for all Parties.

Accordingly, Defendants' Motion to Stay (Doc. 23) is **GRANTED**. All discovery in the above-captioned action is hereby **STAYED** pending the Court's ruling on the Motion to Dismiss. Therefore, the initial discovery conference set for Wednesday, March 11, 2026, is **CANCELLED**. The Court will, however, proceed with the hearing on Plaintiff's Motion for Preliminary Injunction (Doc. 13) and Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 28) that is currently scheduled for **Wednesday, March 11, 2026, at 2:00 P.M.**

Additionally, Defendants filed a Motion for Clarification (Doc. 30) on February 13, 2026, seeking clarification regarding the issues to be presented at the March 11, 2026 hearing. At the hearing, the Court will afford the Parties the opportunity to complete the Record by presenting evidence and argument related to the factual and legal issues raised in the pending Motions (Docs. 13 & 28). Specifically, the Court will hear arguments and receive any additional evidence on the extent to which the availability and/or adequacy of state law remedies may serve as a bar to Plaintiff's procedural due process claim, and if so, the impact, if any, on his remaining claims.

## CONCLUSION

In sum, Defendants' Motion to Stay Discovery and Pre-Discovery Proceedings (Doc. 23) is **GRANTED**. All discovery in the above-captioned action is hereby **STAYED**. The initial discovery conference set for Wednesday, March 11, 2026, is **CANCELLED**. The hearing on Plaintiff's Motion for Preliminary Injunction (Doc. 13) and Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 28) will proceed as originally scheduled on **Wednesday, March 11, 2026, at 2:00 P.M.** at the C.B. King United States Courthouse. Further, with the Court having set forth the issues to be presented at the hearing, Defendants' Motion for Clarification (Doc. 30) is **GRANTED**.

**SO ORDERED**, this 20th day of February 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2